**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janet Cheatham, | No. CV-15-02137-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| ADT Corporation, et al., | |
| Defendants. | |

On March 1, 2016, Defendant ADT LLC ("ADT") filed its answer to Plaintiff's complaint. Doc. 31. On March 10, before the expiration of the 21-day period for amending the answer as a matter of course, Plaintiff filed a motion to strike all of ADT's affirmative defenses. Doc. 33. ADT responded, acknowledging that its answer was deficient and stating its intention to file a motion for leave to amend. Doc. 38. Plaintiff replied. Doc. 39. On March 31, 2016, eight days after the deadline for amending as a matter of course, ADT filed a motion for leave to amend, attaching the proposed amendment to its motion. Docs. 40, 50, 53. Oral argument has not been requested on either motion. ADT's motion for leave to amend will be granted and Plaintiff's motion to strike will be denied as moot.

Because ADT filed its motion after the deadline for amending as a matter of course, it may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave is given freely "when justice so requires." *Id.* Applying this standard, courts grant leave absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant leave "is within the discretion of the District Court." *Id.*[1]

Plaintiff does not contend that ADT's motion is prejudicial or made in bad faith. Plaintiff instead argues that the proposed amendment is futile. Doc. 50 at 5-9. A proposed affirmative defense is properly pleaded, and thus is not futile, if it "gives plaintiff fair notice of the defense." *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010).

The first affirmative defense ADT seeks to add alleges that "[t]he claims asserted by Plaintiff and/or the proposed class are barred or limited in whole or in part by contractual limitations of liability contained in their Alarm Services Contract with ADT," including the contract's integration clause. Doc. 40-1, ¶¶ 10-12. The existence of a contractual limitation of liability is not a valid affirmative defense to Plaintiff's fraud claim. *See Lutfy v. R. D. Roper & Sons Motor Co.*, 115 P.2d 161, 166 (Ariz. 1941) ("any provision in a contract making it possible for a party thereto to free himself from the consequences of his own fraud in procuring its execution is invalid and necessarily constitutes no defense"). But the existence of a fully integrated contract that specifically governs the rights and obligations at issue in this case may be a valid defense to Plaintiff's unjust enrichment claim. *See USLife Title Co. of Ariz. v. Gutkin*, 732 P.2d 579, 585 (Ariz. Ct. App. 1986). Therefore, the amendment is not futile.

The second affirmative defense ADT seeks to add alleges that some members of the putative plaintiff class (1) waived their claims by continuing to engage ADT's monitoring services after discovering the defects alleged in this case, or (2) ratified ADT's conduct, or (3) are estopped from complaining about it. Doc. 40-1, ¶¶ 13-17. The third affirmative defense ADT seeks to add alleges that the statute of limitations has run

---

[1] Because the proposed amendment comes after the deadline for amendments set forth in the Court's case management order (Doc. 25, ¶ 2), ADT must also show "good cause" for modifying the order. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992); *see* Fed. R. Civ. P. 16(b)(4). Good cause exists here because ADT is seeking to cure defects identified in Plaintiff's motion to strike.

against some members of the putative plaintiff class. Doc. 40-1, ¶¶ 19-21. Plaintiff argues that these affirmative defenses are insufficient, and an amendment to add them would be futile, because ADT fails to identify any members of the putative class to whom the defenses apply. Doc. 50 at 7. ADT objects that it cannot be expected to identify specific class members before a class has been certified, but that it is plausible that these defenses may apply to some of the "tens of thousands" of class members who may ultimately participate in this litigation. Doc. 53 at 7-8. The Court agrees. ADT has given Plaintiff fair notice of the defenses it intends to assert if and when a class is certified. That is sufficient to defeat an argument of futility.

**IT IS ORDERED** that ADT's motion for leave to amend (Doc. 40) is **granted** and Plaintiff's motion to strike (Doc. 33) is **denied** as moot.

Dated this 3rd day of May, 2016.

_____
David G. Campbell
United States District Judge